UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DENNIS LOUIS RUELLO, ET AL.                    CIVIL ACTION

VERSUS                                                    NO. 20-895

JPMORGAN CHASE BANK, N.A., ET          SECTION "R" (1)
AL.

## ORDER AND REASONS

Before the Court is defendant JP Morgan Chase Bank, N.A.'s ("Chase") motion for summary judgment.[1]  Plaintiffs Dennis and Lori Ruello do not oppose the motion.  Because there is no issue of material fact as to defendant's liability, the Court grants the motion, and dismisses plaintiffs' claims against Chase.

## I.     BACKGROUND

This case arises from a fall that occurred at a branch location of Chase Bank in Metairie, Louisiana.[2]  Plaintiffs allege that, on May 21, 2018, while walking on a sidewalk outside of defendant's bank, Dennis Ruello tripped on

_____

[1]      R. Doc. 66.
[2]      R. Doc. 1-2.

a sprinkler head and fell to the ground, sustaining injuries.[3]  They allege that the sprinkler head's proximity to the sidewalk was a dangerous and hazardous condition.[4]

On May 21, 2019, plaintiffs filed suit in Louisiana state court, alleging that defendant's negligence caused Dennis Ruello's injuries.[5]   Plaintiff Dennis Ruello seeks damages including pain and suffering, emotional distress, loss of enjoyment of life, loss of function, loss of income, and medical expenses.[6]   Plaintiff Lori Ruello seeks damages for loss of consortium.[7]  On March 13, 2020, defendant Chase removed the case to federal court, contending that the requirements of diversity jurisdiction under 28 U.S.C. § 1332 are met.[8]

On October 6, 2021, Chase moved for summary judgment on plaintiffs' claims against it.[9]  Chase contends that plaintiff Dennis Ruello cannot show that the sprinkler head posed an unreasonable risk of harm, or that Chase knew or reasonably should have known about the danger.[10]  Chase further

---

[3]    *Id.* ¶¶ IV-V.
[4]    *Id.* ¶ V.
[5]    *Id.* at 1.
[6]    *Id.* ¶ IX.
[7]    *Id.* ¶ X.
[8]    R. Doc. 1.
[9]    R. Doc. 66.
[10]   R. Doc. 66-2 at 10.

asserts that plaintiff cannot show that the sprinkler head caused his fall.[11]  It argues that, because the underlying clam for liability fails, so too does plaintiff Lori Ruello's derivative claim for loss of consortium.[12]  Plaintiffs did not file an opposition to Chase's motion.

     The Court considers the motion below.

## II.   LEGAL STANDARD

     Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law'

---

[11]    *Id.* at 10-11.
[12]    *Id.* at 11.

are insufficient to either support or defeat a motion for summary judgment."
*Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting
10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
§ 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute
of fact exists if the record taken as a whole could not lead a rational trier of
fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475,
481 (5th Cir. 2014).

    If the dispositive issue is one on which the moving party will bear the
burden of proof at trial, the moving party "must come forward with evidence
which would 'entitle it to a directed verdict if the evidence went
uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257,
1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948,
951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by
either countering with evidence sufficient to demonstrate the "existence of a
genuine dispute of material fact," or by "showing that the moving party's
evidence is so sheer that it may not persuade the reasonable fact-finder to
return a verdict in favor of the moving party." *Id.* at 1265.

    If the dispositive issue is one on which the nonmoving party will bear
the burden of proof at trial, the moving party may satisfy its burden by
pointing out that the evidence in the record is insufficient with respect to an

essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325.   The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution.  *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  (quoting *Celotex*, 477 U.S. at 322)).

## III.   DISCUSSION

In their complaint, plaintiffs allege that the sprinkler head's location was unreasonably dangerous, and that Chase's negligence caused the plaintiffs' injuries.[13]  Sitting in diversity, the Court applies substantive state law.  *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991).

Under Louisiana law, to establish liability for a trip-and-fall, the plaintiff must show that the alleged negligence or hazard caused his injuries. Causation is an essential element, as a matter of both general negligence, *see*

---

[13]      R. Doc. 1-2 ¶ VI.

La. Civ. Code art. 2315; *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So. 2d 627, 632-33 (La. 2006), as well as custodial liability, *see* La. Civ. Code arts. 2317, 2317.1; *Cormier v. Dolgencorp, Inc.*, 136 F. App'x 627, 627-28 (5th Cir. 2005).

Here, the Court finds that there is no issue of material fact as to causation.  At his deposition, plaintiff Dennis Ruello described the incident as follows:

> I had made a deposit in the bank and I was walking on the bank sidewalk to the public sidewalk and getting ready to cross Metairie Road where my school that I was teaching at was[,] on the opposite side of the road.

> I turned to go to the public sidewalk, and all of a sudden, boom, I was flat out on the ground.  It was a complete shock.[14]

Ruello further explained: "I didn't fall like stumble.  I was like erect and then I was flat down on the ground on my left side."[15]  After falling, he "got up from the accident," and "kind of looked back to see what [he] might have tripped on."[16]  He "realized it was the sprinkler head sticking up about 2 or 3 inches . . . above the pavement,"[17] and "didn't see any other obstruction that might have tripped [him] like that."[18]  He testified that the sprinkler head

---

[14]    R. Doc. 66-3 at 41 (Deposition of Dennis Ruello at 35:15-22).
[15]    *Id.* at 42 (Deposition of Dennis Ruello at 36:3-4).
[16]    *Id.* (Deposition of Dennis Ruello at 44:14-16).
[17]    *Id.* (Deposition of Dennis Ruello at 44:16-19).
[18]    *Id.* (Deposition of Dennis Ruello at 44:22-23).

was not stuck into the sidewalk itself, but was "maybe an inch off the corner" of the sidewalk.[19]   He had not seen the sprinkler head on the day of the accident before he tripped.[20]

This testimony is the only evidence in the summary-judgment record that *might* suggest that the sprinkler head caused Ruello's fall.   And this testimony, without more, is wholly insufficient for plaintiffs to carry their burden on causation at trial.   *See Celotex*, 477 U.S. at 325 ("[T]he burden on the [party] moving [for summary judgment] may be discharged by 'showing'—pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.").   Ruello's testimony indicates, in all, that when he sat up and looked back, the sprinkler head adjacent to the sidewalk was the only obstruction he noticed.   He does not assert any other positive facts supporting the theory that he tripped on the sprinkler head.   Ruello's sprinkler-head theory is purely speculative, and "proximate cause may not be established by speculation or conjecture," *Carey v. Hercules Ocean Corp.*, 321 F. App'x 402, 404 (5th Cir. 2009); s*ee also Reed v. Home Depot USA, Inc.*, 843 So. 2d 588, 591 (La. App. 2 Cir. 2003) (finding that plaintiffs' "speculation as to what caused the

---

[19]      *Id.* at 45 (Deposition of Dennis Ruello at 45:5).
[20]      *Id.* at 50 (Deposition of Dennis Ruello at 44:7-10).

[unwitnessed] accident cannot supply the factual support necessary to show that the plaintiff would be able to meet her evidentiary burden at trial").

Indeed, this case is very similar to *Tomaso v. Home Depot, U.S.A., Inc.*, 174 So. 3d 679 (La. App. 1 Cir. 2015). There, the plaintiff fell when trying to dismount a lawn tractor on display at a Home Depot. After he fell, plaintiff "noticed a small zip tie present on the footplate, or deck access panel, of the lawn tractor," and concluded that "the zip tie was the 'only thing' that could have caused him to fall." *Id.* at 680. Noting that "speculation as to what caused an accident cannot supply the factual support necessary to show that a plaintiff [can] meet his . . . burden of proof," the court affirmed summary judgment in favor of Home Depot. *Id.* at 683.

Having shown that plaintiffs' causation evidence is insufficient to meet its burden of proof, Chase has discharged its burden as the summary-judgment movant with respect to an essential element of plaintiffs' claims. The burden thus shifts to the plaintiffs to survive summary judgment by pointing to specific evidence or setting out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. But plaintiffs filed no opposition to Chase's motion. They have not refuted Chase's contentions about the inadequacy of their causation evidence, nor have they come forward with their own evidence to demonstrate an issue of material fact as

8

to causation.  Because plaintiffs have "fail[ed] to make a showing sufficient to establish the existence of an element essential to" their negligence claims against Chase, *Little*, 37 F.3d at 1075 (quoting *Celotex*, 477 U.S. at 322), Chase is entitled to summary judgment dismissing those claims.

Furthermore, because plaintiff Dennis Ruello's underlying claim for liability fails, so too does Lori Ruello's claim for loss of consortium. *Brungardt v. Summitt*, 7 So. 3d 879, 888 (La. App. 4 Cir. 2009). Accordingly, Chase is entitled to summary judgment dismissing the loss-of-consortium claim.

Finally, the Court notes that, in Chase's motion for summary judgment, it seeks to have all of plaintiffs' claims against it dismissed.[21]  In so moving, Chase identifies the only theories of liability available against it under Louisiana law: general negligence under article 2315 of the Louisiana Civil Code, and custodial liability under articles 2317 and 2317.1 of the Louisiana Civil Code.[22]  But plaintiff's complaint also alleges strict liability against Chase.[23]  However, Louisiana law does not recognize strict liability for plaintiff's injuries.  As the Louisiana Supreme Court has explained, when the

---

[21]   R. Doc. 66-2 at 1; R. Doc. 66 at 1 ("Defendant JP Morgan Chase Bank, N.A. . . . moves for summary judgment in its favor as to Plaintiffs Dennis Louis Ruello and Lori Ruello's claims against it.").

[22]   R. Doc. 66-2 at 7.

[23]   R. Doc. 1-2 ¶ VII.

state legislature  adopted article 2317.1, requiring that the custodian of a premises have knowledge or constructive knowledge of the alleged hazard, it "effectively eliminated strict liability" for custodians, and "turn[ed] it into a negligence claim." *Burmaster v. Plaquemines Par. Gov't*, 982 So. 2d 795, 799 n.1 (La. 2008) (citations omitted).  And as established above, the record indicates that plaintiff cannot win his claim under article 2317.1.  The Court thus dismisses plaintiff's strict-liability claim against Chase.

Accordingly, no claims remain pending against Chase.  The Court dismisses Chase as a defendant.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Chase's motion for summary judgment.  Plaintiffs' claims against Chase are DISMISSED.

New Orleans, Louisiana, this   20th   day of December, 2021.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE