UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DENNIS LOUIS RUELLO, ET AL.                    CIVIL MATTER

VERSUS                                         CASE NO. 20-895

JP MORGAN CHASE BANK, N.A.                     SECTION: "R" (1)

## ORDER AND REASONS

Before the Court is defendant and third-party plaintiff JP Morgan Chase Bank, N.A.'s ("Chase") motion for entry of final judgment under Federal Rule of Civil Procedure 54(b).[1]  No party opposes the motion.  For the following reasons, the Court grants the motion.

This case arises from a fall that occurred at a branch location of Chase Bank in Metairie, Louisiana.[2]  In a complaint dated May 21, 2019, plaintiffs Dennis and Lori Ruello alleged that, on May 21, 2018, while walking on a sidewalk outside of defendant's bank, Dennis Ruello tripped on a sprinkler head and fell to the ground, sustaining injuries.[3]  Plaintiffs alleged that the sprinkler head's proximity to the sidewalk was a dangerous and hazardous condition.[4]

---

[1]     R. Doc. 69.
[2]     R. Doc. 1-2.
[3]     *Id.* ¶¶ IV-V.
[4]     *Id.* ¶ V.

On December 20, 2021, this Court granted Chase's motion for summary judgment, dismissing all of plaintiffs' claims against it.[5] The only claims that remain pending in this case are Chase's third-party claims against SMS Assist, LLC ("SMS"),[6] and SMS's third-party claims against AMR Lawn and Landscape, LLC ("AMR").[7] Those claims pertain only to defense and indemnity. There are no remaining claims by plaintiff, and no remaining claims against Chase.

Under Rule 54(b) of the Federal Rules of Civil Procedure,

> When an action presents more than one claim for relief— whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

To decide whether to enter judgment as to some but not all claims, the court must first determine whether it is dealing with a "final judgment." *Curtiss-Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 7 (1980). It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.*

---

[5]   R. Doc. 68.
[6]   R. Doc. 23.
[7]   R. Doc. 34.

Here, the Court dismissed plaintiff Dennis Ruello's claims against Chase because plaintiff lacked sufficient evidence that the sprinkler head caused his injuries, as a matter of both general negligence and custodial liability under Louisiana law.[8]  The Court in turn dismissed Lori Ruello's claim for loss of consortium.[9]  In its Order and Reasons, the Court expressly stated that, as a result, no claims remained pending against Chase.[10]  This summary-judgment dismissal constitutes "an ultimate disposition" of plaintiffs' claims.  *Id.*

Next, the Court must determine if there is any just reason for delay in entering final judgment.  *Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992) (citing *Curtiss-Wright*, 446 U.S. at 8).  This determination is within the sound discretion of the district court.  *Id.*  The court must weigh "the inconvenience and costs of piecemeal review" against "the danger of denying justice by delay."  *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).

Here, the Court finds that there is no just reason for a delay in entering a final judgment as to plaintiffs' claims against Chase.  There is no danger of

---

[8]    R. Doc. 68 at 5-9.

[9]    *Id.* at 9.

[10]   *Id.* at 10.

3

"piecemeal review" arising out of entry of the requested judgment. *Id.* The dismissed claims, which sought to establish tort liability for plaintiffs' damages, are easily "separable from the others remaining to adjudicated," which seek to establish contractual defense and indemnity. *Walker v. Progressive Cty. Mut. Ins. Co.*, 304 F.R.D. 486, 493 (E.D. La. 2015) (citing *Curtiss-Wright*, 446 U.S. at 8). Moreover, the dismissed claims existed between plaintiffs and Chase, while the remaining claims exist among Chase and third parties. For these reasons, there is no risk that an "appellate court would have to decide the same issues more than once." *Id.* Moreover, granting Chase's motion is "in the interest of sound judicial administration," *Curtiss-Wright*, 446 U.S. at 8, because it avoids potentially unnecessary litigation on the remaining third-party defense-and-indemnity claims. *See Threadgill v. City of New Orleans*, No. 02-1122, 2013 WL 5924812, at *2 (E.D. La. Oct. 31, 2013) (granting defendants' motion for entry final judgment under Rule 54(b) because all of plaintiff's claims had been dismissed, and only third-party defense-and-indemnity claims remained); *Bullock v. AIU Ins. Co.*, 503 F.3d 384, 385 & n.1 (5th Cir. 2007) (noting that the district court had entered judgment pursuant to Rule 54(b) when only a cross-claim for indemnity remained pending). Finally, as previously noted, no party opposes the entry of final judgment on these claims.

For these reasons, the Court GRANTS Chase's motion.   A final judgment as to plaintiffs' claims against Chase will follow the entry of this Order.

New Orleans, Louisiana, this 25th day of January, 2022.

_____
SARAH S. VANCE
UNITED STATED DISTRICT JUDGE